**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA *
*
v. * Civil No. CCB-15-1605
* Criminal No. CCB-10-716
ERIC JOHNSON *

******

**MEMORANDUM**

Now pending is Eric Johnson's petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 74). In December 2011 Johnson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was later sentenced to fifteen years' imprisonment. (ECF No. 51). In support of the instant motion challenging his sentence, Johnson argues that this court improperly enhanced his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that his attorney provided ineffective assistance in violation of his rights under the Sixth Amendment to the United States Constitution. *See* (Pet'r's Mot. to Vacate 5-6, ECF No. 74). This matter has been fully briefed, and no evidentiary hearing is necessary. For the reasons set forth below, Johnson's § 2255 petition will be denied.

**BACKGROUND**

Johnson was charged by indictment on November 18, 2010, with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1). On December 12, 2011, he entered into a conditional guilty plea agreement, reserving the right to appeal the district court's denial of his motion to suppress various statements he made to the police and evidence recovered from his home. (ECF No. 44). On March 7, 2012, Johnson appeared for

sentencing. (ECF No. 50). The court noted that Johnson had "four qualifying convictions—three serious drug offenses, and one that would qualify as a crime of violence"—which were identified in paragraphs 37, 39, 40, and 42 of the Presentence Report ("PSR") prepared by the U.S. Probation Office. (Sentencing Hr'g Tr., Gov.'s Opp. Ex. 1 at 3:6-9, ECF No. 80). The four convictions, all from the Circuit Court of Maryland, Baltimore City, were described in the PSR as:

(1) a 1991 conviction for Possession with the Intent to Distribute, for which Johnson was sentenced to a prison term of two years;
(2) a 1994 conviction for Possession with the Intent to Distribute Cocaine, for which Johnson was sentenced to a prison term of two years and six months;
(3) a 1998 conviction for Possession with the Intent to Distribute Heroin, for which Johnson was sentenced to a prison term of twelve years; and
(4) a 1998 conviction for one count of Assault 2nd Degree, for which Johnson was sentenced to a prison term of six months

*See* (Presentence Report, Gov.'s Opp. Ex. 2 (Sealed Doc.) at 9-10).[1] Based on these four convictions, the PSR designated Johnson an armed career criminal under the ACCA. (*Id.* at 10). During Johnson's sentencing hearing, the court likewise noted that Johnson's "four qualifying convictions . . . mean[] that he . . . is an armed career criminal." (Sentencing Hr'g Tr., Gov.'s Opp. Ex. 1 at 3:7, 10-11, ECF No. 80-1).

Defense counsel confirmed that he had reviewed the PSR with Johnson, and that neither he nor Johnson had any additions, corrections, or modifications. (*Id.* at 3:1-3). The court thus sentenced Johnson to the mandatory minimum sentence of fifteen years' imprisonment under the ACCA. (*Id.* at 10:21-24). After Johnson timely appealed the denial of his motion to suppress, the Fourth Circuit affirmed that decision. (ECF Nos. 53, 69). *See United States v. Johnson*, 734 F.3d 270 (4th Cir. 2013). The Supreme Court denied Johnson's petition for certiorari on June 2, 2014. *See Johnson v. United States*, 134 S. Ct. 2696 (2014).

[1] The Court does not rely on or need to address in this opinion the 1998 conviction for assault.

Johnson, who appears *pro se*, timely filed the instant motion. *See* (ECF No. 74); 28 U.S.C. § 2255(1). Notably, documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## ANALYSIS

Johnson raises two grounds for habeas relief. First, he asserts that the district court erroneously deemed him an armed career criminal under the ACCA, which resulted in an enhanced sentence. Second, Johnson argues that his trial attorney's failure to challenge his armed career criminal designation constituted ineffective assistance of counsel.

### A. Johnson's Designation as an Armed Career Criminal and Consequent Sentence Enhancement

Johnson challenges the finding that he qualified as an armed career criminal under the ACCA.[2] (*See* Pet'r's Mot. to Vacate 5). As noted above, the ACCA mandates a fifteen year minimum prison sentence for anyone "who violates section 922(g) of [Title 18] and has three previous convictions by any court referenced in 922(g)(1) of [Title 18] for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e). 18 U.S.C. § 924(e)(2)(A) defines a "serious drug offense" as one "for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* Johnson was convicted of possession with intent to distribute cocaine in 1991 and 1994, and possession with intent to distribute heroin in 1998. *See* (Baltimore City

[2] This claim could be deemed procedurally barred because Johnson did not raise it on direct appeal. *See United States v. Gardner*, No. 07-CR-28, 2012 WL 1495595, at *2 (W.D. Va. Apr. 27, 2012) ("Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under § 2255.") (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). However, because the Government failed to raise the affirmative defense of procedural default in its opposition to Johnson's motion to vacate or any subsequent filing, Johnson was not provided with the necessary notice and opportunity to rebut the defense. The general rule that a plaintiff is not required to negate an affirmative defense unless and until the defendant has placed it in controversy, or the court has raised it *sua sponte* and given notice, is applicable in habeas cases, and particularly so in cases involving *pro se* petitioners, like Johnson. *See Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002); *see also United States v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001) (finding that this principle applies in the context of the procedural default defense). Thus, this court will resolve Johnson's claim on its merits.

Circuit Court Commitment Records and Information, Gov.'s Opp. Ex. 3-6, ECF Nos. 80-3, 80-4, 80-5, 80-6). Johnson does not challenge the court's finding that his 1998 conviction for possession with intent to distribute heroin, for which he received a sentence of twelve years, was an ACCA predicate conviction. Instead, he argues only that his 1991 and 1994 convictions for possession with intent to distribute cocaine were not ACCA predicate offenses because he was sentenced only to "two years incarceration" for his 1991 conviction and to "two years six months imprisonment" for his 1994 conviction. He also argues that these sentences were "the maximum possible sentence he could possibly receive based on a statute that carries a maximum punishment of five years." (Pet'r's Mot. to Vacate 5).

Johnson's assertions are incorrect. In both 1991 and 1994, as now, the Maryland legislature classified cocaine as a "Schedule II" controlled dangerous substance, *i.e.* a narcotic drug, and prescribed a maximum punishment of twenty years' imprisonment for "manufactur[ing], distribut[ing], dispens[ing], or [] possess[ing] [cocaine] in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense [cocaine]." Md. Code Ann. Art. 27, §§ 277, 279, 286 (current version at Md. Code Ann. Crim. L. §§ 5-607, 5-608). While Johnson received shorter sentences for each of his cocaine-related convictions, the relevant question in determining whether an offense qualifies as an ACCA predicate is the maximum statutory sentence the defendant *could have* received, rather than the sentence he actually received. *See United States v. Newbold*, 791 F.3d 455, 462 (4th Cir. 2015). Because Johnson's convictions of possession with intent to distribute cocaine carried—and continue to carry—a maximum sentence of twenty years, these crimes are ACCA predicate offenses. Coupled with the 1998 conviction for possession with intent to distribute heroin, Johnson's 1991 and 1994 drug convictions serve to qualify him as an armed career criminal.

Johnson contends, however, that the sentencing court's method for determining that his 1991 and 1994 drug convictions were ACCA predicates was fatally improper. In considering whether a defendant's prior convictions qualify as predicates, courts generally may look "only to the fact of conviction and the statutory definition of the prior offense," and not to "the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 602 (1990). This analysis has been termed the "categorical approach" to ACCA determinations. *Id.* However, where a statute is "divisible" and contains alternative elements, the sentencing court may use the so-called "modified categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Under the modified categorical approach, courts may scrutinize a limited set of documents to determine whether a prior conviction qualifies as an ACCA predicate. *Id.* at 2284. More specifically, courts may examine only those documents that "approach[] the certainty of the record of conviction" of an offense that would qualify the defendant for an ACCA-mandated sentence enhancement. establish whether the defendant's prior conviction was for "the version of the crime in the statute . . . corresponding" to the offense that would qualify the defendant for an ACCA-mandated sentence enhancement. *Shepard v. United States*, 544 U.S. 13, 23 (2005).

While the Supreme Court has not precisely enumerated the documents that lower courts may consult when using the modified categorical approach, it has listed the following as "*Shepard*-approved" documents that may be consulted: plea agreements, plea colloquy transcripts, charging documents, findings of fact and conclusions of law from a bench trial, jury instructions, and verdict forms. *United States v. Thompson*, 421 F.3d 278, 282 (4th Cir. 2005), *cert. denied,* 547 U.S. 1005 (2006).  "The common denominator of the approved sources is their prior validation by process comporting with the Sixth Amendment. Excluded sources, such as transcripts of testimony or police reports, are not necessarily inherent in the conviction." *Id.* Put

another way, when determining whether a defendant's prior conviction qualifies as an ACCA predicate using the modified categorical approach, the sentencing court may only consult materials that can be considered "conclusive records made or used in adjudicating guilt." *Shepard*, 544 U.S. at 21.

At the time of Johnson's prior convictions, as now, Maryland law outlined a generic offense of possession with intent to distribute a controlled dangerous substance, but prescribed different penalties for violating that provision, depending on the substance at issue. *See* Md. Code Ann. Art. 27, §§ 279, 286 (current version at Md. Code Ann. Crim. L. §§ 5-607, 5-608). Because it is "thus impossible to tell whether a defendant's conviction qualifies as an ACCA predicate from the statutory elements alone," Maryland's possession with intent to distribute statute is a "divisible" statute. *See United States v. Washington*, 629 F.3d 403, 408 (4th Cir. 2011) (noting that Maryland's possession with intent to distribute statute is divisible and upholding the use of the modified categorical approach in making a determination for ACCA-based sentence enhancement). Accordingly, the court in this case was entitled to use the modified categorical approach to make its ACCA predicate determination.

Construing his motion liberally, Johnson appears to argue that even if the court properly used the modified categorical approach, the court erroneously relied solely on the PSR to enhance his sentence, since the facts in the PSR regarding his 1991 conviction are insufficient to support the ACCA enhancement.[3] (Pet'r's Mot. to Vacate 5, 6). The Fourth Circuit holds that

---

[3] Johnson also appears to argue that the court erroneously relied on the PSR's description of his 1994 drug conviction to find that conviction was for an ACCA predicate offense. (Pet'r's Mot. to Vacate 5). However, the PSR clearly described Johnson's 1994 conviction as one for possession with intent to distribute cocaine. (Presentence Report, Gov.'s Opp. Ex. 2 (Sealed Doc.) at ¶ 39). As noted above, on its face, a conviction for possession with intent to distribute cocaine is a predicate conviction, and Johnson did not—and does not—dispute the accuracy of this conviction. Any challenge to the court's reliance on the PSR to find that Johnson's 1994 conviction was for a predicate offense is therefore meritless. In contrast, the PSR did not specify the drug involved in Johnson's 1991 conviction, and stated only that the 1991 conviction was for "possession with intent to distribute."

courts are "entitled to rely upon [a] PSR" to enhance a sentence under the ACCA when the PSR "bears the earmarks of derivation from *Shepard*-approved sources," and particularly when the defendant "never raised the slightest objection to the propriety of [the PSR's] source material or to its accuracy." *Thompson*, 421 F.3d at 285. Here, neither Johnson nor his counsel objected to the PSR's characterization of his convictions at his sentencing. (Sentencing Hr'g Tr., Gov.'s Opp. Ex. 1 at 2:17, 21-25, 3:1-4).

Moreover, in support of its opposition to Johnson's habeas petition, the government submitted copies of the following records: the Commitment Record for Johnson's 1994 conviction for possession with intent to distribute cocaine, the Commitment Record for Johnson's 1998 conviction for possession with intent to distribute heroin, and the Commitment Record and Information for Johnson's 1991 conviction for possession with intent to distribute cocaine. *See* (Gov.'s Opp. Ex. 3, 4, 5, 6). There is no indication from the record that the court was provided these documents to review before sentencing. Given the lack of objection from either party, the court based its determination that Johnson qualified as an armed career criminal solely on the PSR. (Sentencing Hr'g Tr., Gov.'s Opp. Ex. 1 at 3:4-11). The PSR stated that Johnson's 1991 conviction was for an ACCA predicate offense, but did not specify the source from which this conclusion derived.[4] *See* (Presentence Report ¶ 27, Gov.'s Opp. Ex. 2 (Sealed Doc.)).

As noted above, charging documents are considered *Shepard*-approved sources, generally. A Maryland Information sheet is defined as a "charging document filed in a court by a State's Attorney." Md. R. Crim. P. 4-102(e). Likewise, a Commitment Record issued by the clerk of a Maryland court is a conclusive judicial record of the specific offense of conviction. In

(Presentence Report, Gov.'s Opp. Ex. 2 (Sealed Doc.) at ¶ 37). Thus, because the PSR's characterization of Johnson's 1991 conviction was ambiguous, the court will address Johnson's challenge here.

[4] As noted, Johnson does not challenge the conclusion that his 1998 conviction qualifies as an ACCA predicate.

this case, because the Commitment Record includes the type of drugs involved in the offense, it proves the applicability of the ACCA. and is thus a *Shepard*-approved source.

In this case, the records submitted by the government confirm the accuracy of the PSR's determinations. Thus, the information in the PSR is proved by *Shepard*-approved sources. Any error in relying upon the PSR to deem Johnson an armed career criminal is harmless because the records objectively show that Johnson was convicted of three predicate offenses. Reviewing courts are permitted to take judicial notice, pursuant to Federal Rule of Evidence 201, of prior proceedings in district and circuit courts that were not submitted to the sentencing court. *See United States v. McDonald*, 617 F. App'x 255, 258 (4th Cir. 2015)[5] ("Nonetheless, to remove any doubt created by McDonald's factual claim made for the first time on appeal . . . and because the accuracy of the state judgments included in the addendum to the Government's brief is not disputed, we conclude that it is in the interest of justice to take judicial notice of the judgments.") (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.3d 1236, 1239-40 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records.")).

**B. Johnson's Ineffective Assistance of Counsel Claim**

Johnson further alleges that his trial counsel was ineffective at sentencing in failing to challenge his qualification as an armed career criminal. In order to establish a claim for ineffective assistance of counsel, Johnson must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, he must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689; *see also Roach v. Martin*, 752 F.3d 1463, 1476

[5] Unpublished opinions are cited not as precedent but for the relevance and soundness of their reasoning.

(4th Cir. 1985). Second, Johnson must show that his counsel's performance was so prejudicial as to deprive him of a fair proceeding. *Id.* at 687. With respect to that prong, a 2255 petitioner claiming ineffective assistance where a conviction is based on a guilty plea must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Simply put, Johnson cannot establish either prong because counsel's determination that the ACCA applied was correct. Johnson's three ACCA-qualifying drug convictions were sufficient to trigger the fifteen-year mandatory minimum, as he knew when he entered his plea. No additional effort by counsel would have improved the outcome of his sentencing.

**CONCLUSION**

For the foregoing reasons, Johnson's motion to vacate, set-aside, or correct sentence (ECF No. 74) will be denied. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Johnson's claims

debatable, a certificate of appealability will be denied.[6] A separate Order follows.

Dated: May 5, 2016

/S/
Catherine C. Blake
United States District Judge

[6] Johnson remains free to seek a certificate of appealability from the Fourth Circuit Court of Appeals.